(17 Misc. Rep. 54.)

JOHNSTON et al. v. GRANGER.

(City Court of New York, General Term. May 23, 1896.)

1. EVIDENCE—RECORDS OF ANOTHER STATE.
   Laws 1848, c. 195, provides that the acknowledgment of a deed taken before any officer of another state authorized by the laws thereof to take acknowledgments may be read in evidence in New York, but that the acknowledgment shall not be valid unless the officer shall know the grantor, or have satisfactory evidence as to his identity. *Held*, that a certificate of acknowledgment taken before a notary public in Ohio cannot be read in evidence in New York unless his authority is shown or the certificate recites that the notary was satisfied as to the identity of the grantor.

2. SAME—ACKNOWLEDGMENT OF DEED.
   The acknowledgment of a deed is not within Rev. St. U. S. § 905, providing that the record and judicial proceedings of the courts of any state, when properly authenticated, shall have such faith and credit given to them in every court in the United States as they have in the courts of the state from which they are taken.

Appeal from trial term.

Action by John A. Johnston and others against Walter L. Granger, substituted defendant. There was a judgment in favor of plaintiffs, and defendant appeals. Affirmed.

Argued before CONLAN and SCHUCHMAN, JJ.

Thomas C. Campbell, for appellant.

Johnston & Johnston, for respondents.

CONLAN, J. This is an appeal from the judgment of the trial term in favor of the plaintiffs. The cause was tried without a jury. The action was brought by the plaintiff firm, together with the sheriff, in aid of an attachment; and the present defendant was substituted in place of the original defendant on the alleged ground that he had become the owner, by purchase, subsequent to the levy by the sheriff, and paid the amount into court. The appellant, in his statement of facts, concedes that the one important question in this appeal is whether the learned judge was right in striking from the record the deed of assignment made by John Boute's Sons Company, a corporation, because of an acknowledgment not made pursuant to the requirements of the New York law, though made in pursuance to the Ohio law; and we think the determination of this single question is sufficient to dispose of the entire appeal. The facts sufficiently appear in the opinion.

The defendant offered in evidence upon the trial the record of an assignment from the Hamilton county probate court, of Ohio, to which was annexed the following notarial certificate of acknowledgment and proof:

"State of Ohio, County of Hamilton—ss.: Be it remembered, that on the 15th day of August, in the year of our Lord eighteen hundred and ninety-one, before me, the subscriber, a notary public in and for the said county, personally came the John Boute's Sons Company, by Charles E. Boute, its president, thereunder duly authorized, the grantor in the foregoing deed, and acknowledged the signing and sealing thereof to be its voluntary act

and deed, for the uses and purposes therein stated. In testimony whereof, I have hereunto subscribed my name, and affixed my notarial seal, the day and year aforesaid.

"[Seal.]          C. B. Warrington,
"Notary Public, Hamilton Co., Ohio."

To this, objection was made in its entirety, as not being certified as required by the statutes of this state; and the assignment itself was further objected to, as not being proved as required by the New York laws, so as to entitle it to be read in evidence here. The paper was first received conditionally by the trial judge, in the following language:

"I will admit it in evidence for the present, and without passing upon the effects of it, subject, however, to the plaintiff's objections, and to my striking it out after further examination."

And the court subsequently struck it from the record, on the ground that the acknowledgment was defective, and therefore inadmissible; and to this decision of the court we find no distinct exception upon the record, nor did the defendant request any finding upon the question of the assignment or transfer of the subject-matter thereof   The only exceptions are to the decision of the court, and are to be found at folios 90 and 91 of the case; so that, if it were error to have rejected the instrument offered, the defendant may be said to have fully acquiesced in that decision, in the absence of any valid exception to the ruling of the court.

Whatever authority there is for presuming that this paper may be read in evidence in this state is found in chapter 195 of the Laws of 1848, and as since amended.   The language of the act, so far as it relates to the subject under consideration, is as follows, namely:

"The proof and acknowledgment of any deed or other written instrument required to be proved or acknowledged, in order to entitle the same to be received or read in evidence, when made by any person out of this state, and within any other state or territory of the United States, may be made before any officer of such state or territory authorized by the laws thereof to take the proof and acknowledgment of deeds, and when so taken and certified, as herein provided, shall be entitled to be recorded in any county of this state, and may be read in any evidence in any court of this state; provided, that no such acknowledgment shall be valid unless the person taking the same shall know or have satisfactory evidence that the person making such acknowledgment is the individual described in and who executed the said deed or instrument."

By a comparison of the form of the acknowledgment of the instrument offered with that required by statute just quoted, it will be seen at a glance that the former is clearly deficient in more than one respect, and the defects are such as, in our opinion, render the acknowledgment or proof thereof fatally defective.   It does not appear that the notary was authorized to take the proof or acknowledgment of this, nor that he knew or had satisfactory evidence, or any evidence whatever, that the person making the acknowledgment was the individual described in and who executed the said deed or instrument; and, for aught that appears, the person acknowledging may have been an entire stranger, wholly unknown to the notary; and unless he were so known, or in some way known to the notary's satisfaction to be the person he claimed to be (and

v.39 N.Y.s.no.6—54

this must, of necessity, appear by the certificate of acknowledgment itself), then it may, with truth and reason, be said that the notice or certificate was not only not in conformity with the statute, but is the statement of fact at variance with the truth pretended to be vouchsafed by the form and ceremony of acknowledgment or certificate of proof. Such a certificate violates both the letter and spirit of the law. The defendant endeavored to cure this apparent fatal defect by invoking the aid of Rev. St. U. S. (2d Ed.) p. 171, § 905; but we fail to see the force of the application. That statute has expressly to do with the records and judicial proceedings of the courts of other states and territories when offered for evidence in the courts of this state, and not with the records of a document or paper like an assignment, deed, or transfer, or other instrument of that nature, of record in a public office in the state or territory. We think that this assignment was not a court record, within the meaning of the United States Revised Statutes, but was of record in a public office, and, being a record in a public office of another state, was required to be acknowledged as required by the act of 1848, and properly certified as required by section 2 of that act, before it could be received in evidence in the courts of this state.

We are therefore of the opinion, for the reasons stated, that the instrument was properly rejected by the trial judge, and, having reached that conclusion, do not find it necessary to consider any other question upon this appeal, as, without the assignment in evidence, the plaintiffs were clearly entitled to recover. It necessarily follows that the judgment should be affirmed, with costs.